834 A.2d 185

**In re ADOPTION/GUARDIANSHIP OF GENARA A.**

**No. 246, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

Oct. 29, 2003.

Peter F. Rose, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Nancy C. Hopkins, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before DAVIS, SONNER and DEBORAH S. EYLER, JJ.

DEBORAH S. EYLER, Judge.

In a proceeding brought by the Baltimore City Department of Social Services ("the Department"), the appellee, the Circuit

Court for Baltimore City terminated the parental rights of Gabriella A., the appellant, to her daughter, Genara A.

On appeal, the appellant contends that her "right to due process was violated when the State failed to properly satisfy the notification requirements regarding the petition for termination of parental rights."

## FACTS AND PROCEEDINGS

On March 13, 2002, Genara A. was born, in Baltimore City, to the appellant. Genara was drug-exposed at birth. She was placed in foster care on March 19, 2002.

On August 19, 2002, Genara was adjudged a Child in Need of Assistance ("CINA"), by the Circuit Court for Baltimore City, sitting as the juvenile court, and was committed to the custody of the Department, where she remained thereafter.

On October 31, 2002, the Department filed a single guardianship petition and show cause order, seeking termination of the parental rights of Gabriella. The petition also sought termination of the parental rights to Genara's older brother, Joseph A., another of the appellant's children.

Genara's lawyer in her CINA case was served with the petition and show cause order on November 18, 2002. The appellant was personally served with the petition on November 19, 2002.

On November 22, 2002, the Department filed an affidavit of service of the petition and show cause order in the matter of Joseph and Genara, by certified mail, return receipt requested, to:

Nenutzka Villamar

Office of the P/D (CINA)

Calvert Plz/201 E Balt St 1600

Baltimore MD 21202

410-223-3785.

The affidavit attached the return receipt, which had been signed on November 18, 2002, by someone whose name we cannot decipher, but is not Ms. Villamar.

Genara's father, whose name was not stated on her birth certificate, and who otherwise was unknown, was served by publication, on March 7, 2003.

No objections were filed.

On April 17, 2003, the court held a hearing on the guardianship petition for Genara. Counsel for the Department was the only person present. She informed the court:

> Your Honor, Ms. Patricia Butler represents the child in this matter. She was present this morning and asked that I proceed without her. The case is ready for an instant TPR Your Honor. The child's counsel was served on 11/18/02. [The appellant] was served personally on November 19th, 2002. The father ... is unknown and he was served by way of publication on March the 7th, ... 2003.... None of the parties have filed a timely objection in this case Your Honor. This child came to the Department's attention because the child was born direct-exposed and was found to be a child in need of assistance on August 19th, 2002, and has been in the Department's care since that time.

The court stated that it had reviewed the petition and contents of the record; that Genara, the appellant, and the unknown father had been served and all had failed to file timely objections; that, due to their failure to object, the parents both were deemed to have consented to the termination of parental rights, by operation of law; and that, based on the assertions in the petition, it was in Genara's best interest to terminate her parents' rights. The court granted a limited guardianship in the foster parents in whose physical custody Genara was residing, and scheduled a guardianship review hearing for February 13, 2004.

That same day, the court issued a written order terminating the appellant's and unknown father's parental rights in Genara.

On April 22, 2003, the appellant, through counsel, William Fields, filed a notice of appeal.

On April 30, 2003, the Department filed a "Motion to Reconsider," citing Rule 2–535 and stating that there were "additional allegations that require[d] this Court's further review."

The court held a hearing on the Department's motion on May 19, 2003. It was attended by counsel for the Department and by Mr. Fields, on behalf of the appellant. Genara's lawyer was notified of the hearing but consented to its proceeding without her.

Counsel for the Department explained that the basis for the motion was that there was additional evidence that the Department wanted to put before the court that had not been before it on April 17. Specifically, in Genara's CINA proceeding, the appellant had been represented by Mr. Fields. Mr. Fields and Ms. Villamar both are staff attorneys employed by the Office of Public Defender in Baltimore City. There had been a separate CINA proceeding for Joseph, in which the appellant had been represented by Ms. Villamar. When the Department filed its guardianship petition for Joseph *and* Genara, it served the appellant personally and sent a copy of the petition and show cause order to Ms. Villamar, by certified mail. The Department did not send a copy of the petition and show cause order to Mr. Fields, however.[1] The Department's counsel explained:

[A]s both attorneys [Ms. Villamar and Mr. Fields] are attorneys with the Office of the Public Defender[,] that the office has been served. But that clarification was not made at the record at the time that we go [sic] the decree. And that's what I wanted to put on the record today.

Mr. Fields responded that notice to Ms. Villamar, as counsel for the appellant in Joseph's CINA case, was not notice to

---

1. As noted, *supra*, we cannot decipher the signature of the person who signed for receipt of the petition and show cause order; the name signed is not Mr. Fields's, however.

him, as counsel for the appellant in Genara's CINA case, notwithstanding that he and Ms. Villamar both are employed by the same district Office of Public Defender. He argued that, because he was not notified, the appellant was not properly notified about the petition, and therefore one of the factual predicates for her having been deemed to have consented to the termination of her parental rights, by operation of law, was not shown. On that basis, he asked the court to vacate its April 17, 2003 order granting the Department's petition.

At the conclusion of the hearing, the court decided not to disturb its April 17, 2003 order.

## DISCUSSION

■ The appellant contends that her due process rights were violated because she was deemed to have consented to the termination of her parental rights in Genara by operation of law, under Md.Code (1984, 1999 Repl.Vol.), section 5–322(d), of the Family Law Article ("FL"), even though the lawyer who represented her in Genara's CINA case was not notified of the guardianship petition and show cause order, as required by the statutes and rules governing guardianship proceedings. She maintains that, under FL section 5–322(a)(1)(ii)(2), and Rule 9–105(f), the Department was required to notify her CINA lawyer, personally, and that notification to another lawyer in his office was not sufficient.

Subtitle 3 of Title 5 of the Family Law Article ("Children") governs "Adoption and Guardianship With the Right to Consent to Adoption." Unless a child's natural parents' rights have been terminated in a judicial proceeding, the child cannot be adopted without his parents' consent (and his own consent, if he is at least 10 years old). FL section 5–311(a). A court can grant a decree of adoption or guardianship without the consent of the natural parents, however, if the court finds by clear and convincing evidence that it is in the child's best interests to terminate the natural parents' rights, and other-

wise makes findings as required by statute. FL section 5–313.

FL section 5–322, entitled "Notice," states, in relevant part:
(a) *In general.*—(1)(i) Subject to paragraph (2) of this subsection, a petitioner [for adoption or guardianship] shall give to each person whose consent is required notice of the filing of a petition for adoption or a petition for guardianship.

(ii) In addition to the notice of filing required under subparagraph (i) of this paragraph, if a petition for guardianship is filed after a juvenile proceeding in which the child has been adjudicated a child in need of assistance, a petitioner shall give notice of the filing of the petition for guardianship to:

1. the attorney who represented a natural parent in the juvenile proceeding.

2. the attorney who represented the minor child in the juvenile proceeding.

\*　　\*　　\*　　\*　　\*　　\*

(d) *Failure to respond or waiver of notification.*—If a person is notified under this section and fails to file notice of objection within the time stated in the show cause order: (1) the court shall consider the person who is notified to have consented to the adoption or to the guardianship; and (2) the petition shall be treated in the same manner as a petition to which consent has been given.

In addition, Rule 9–105(f) provides:
*Additional notice in a guardianship.* The petitioner in an action for guardianship of a child who has been adjudicated a child in need of assistance in a prior juvenile proceeding shall also send a copy of the petition and show cause order by first class mail to each attorney who represented a parent and to the attorney who represented the child in the juvenile proceeding.

In the case at bar, at the April 17, 2003 hearing on the Department's petition, the record evidence before the court was that Genara had been adjudicated a CINA in a prior

juvenile proceeding and that, thereafter, the Department filed a petition for guardianship as to Genara and sent a copy of the petition and show cause order to Ms. Villamar, "Office of the P/D (CINA)." It thus appeared from the record, and nothing to the contrary was stated by the Department's counsel, that Ms. Villamar had been sent copies of the petition and show cause order in her capacity as attorney for the appellant in Genara's CINA case. Only during the May 19, 2003 hearing on the Department's motion to reconsider, which in fact was a hearing to supplement the record, did the Department inform the court that Ms. Villamar had *not* represented the appellant in Genara's CINA case; rather, *Mr. Fields* had represented the appellant in that proceeding, and he had *not* been sent copies of the petition and show cause order.

The appellant contends that, under FL section 5–322(a)(1)(ii) and Rule 9–105(f), the Department was required to send copies of the guardianship petition and show cause order to Mr. Fields, personally, because he was her attorney in Genara's CINA case; that sending those documents to Ms. Villamar did not constitute notice of the filing of the petition to Mr. Fields, under FL section 5–322(a)(1)(ii)(2), and did not conform to Rule 9–105(f); that, therefore, the required notice was not given; and, in the absence of notice to her attorney in Genara's CINA case, the appellant could not be found to have consented to the termination of her parental rights, under FL section 5–322(d), even though she personally had received notice and did not file an objection.

The Department counters that its sending a copy of the petition and show cause order to Ms. Villamar "effectively served notice to" Mr. Fields, because the two are attorneys at the same "firm"; therefore, the court properly found the predicate facts for the "deemed consent" by the appellant, under FL section 5–322(d).

In *In re: Adoption/Guardianship No. 6Z000045*, 372 Md. 104, 812 A.2d 271 (2002) (hereinafter *"TPR6Z000045"*), one of the issues was whether the petitioner was required by FL section 5–322(a)(1)(ii)(2) to notify an attorney who had repre-

sented the natural mother in a prior CINA proceeding for the child, but thereafter had stricken her appearance, of the filing of the petition. The Court, observing that "the statute commands a petitioner for guardianship to provide notice to any attorney who represented the natural mother in the juvenile proceeding," *id.* at 124, 812 A.2d 271, held that notification to that lawyer was required. The Court stated: "The statutory language of Section 5–322(a)(1)(ii)(2) of the Family Law article refers precisely *to a particular attorney,* the attorney who represented a natural parent in the juvenile proceeding." *Id.* (emphasis added).

The Court went on to explain that Rule 9–105 likewise requires that each particular attorney who represented a natural parent in a CINA proceeding for the child be notified of the filing of the guardianship petition and show cause order:

Under Rule 9–105, the Department must notify "each attorney who represented a parent" in a juvenile proceeding in which the child has been adjudicated CINA. Rule 9–105, in referring to "each attorney," acknowledges that a petitioner for guardianship may be required to notify more than one attorney if multiple attorneys represented a parent during the CINA proceeding.

*Id.* at 125, 812 A.2d 271.

The Court of Appeals's holding in *TPR6Z000045* was premised upon its interpretations of FL section 5–322(a)(1)(ii)(2) and Rule 9–105, to mean that each individual attorney who has represented the child in a prior juvenile proceeding must be given notice of the initiation of a guardianship proceeding for that child. Rule 9–105(f), the implementing rule for FL section 5–322(a)(1)(ii)(2), specifies that the mechanism for giving notice of the guardianship proceeding is by sending a copy of the petition and show cause order. Accordingly, to properly give notice to an attorney pursuant to FL section 5–322(a)(1)(ii)(2), and Rule 9–105(f), the petitioner must send a copy of the petition and show case order to *that attorney.* It is not sufficient for the petitioner to send the copies to another

lawyer practicing in the same "firm" or to the "firm" general-
ly.[2]

■ Statutes and rules affecting fundamental liberty inter-
ests, such as a parent's interest in raising his or her child, *see
Santosky v. Kramer,* 455 U.S. 745, 758–59, 102 S.Ct. 1388, 71
L.Ed.2d 599 (1982), must be narrowly construed. *See In re:
Yve S.,* 373 Md. 551, 569, 819 A.2d 1030 (2003). Here, the
applicable statute and rule are designed to afford notice of the
guardianship proceeding not only to the natural parents (and
the child) but also to the attorneys who represented them in
the prior juvenile proceedings for the child; and the potential
consequence of one such attorney's not being notified is a lost
opportunity for a lawyer familiar with the background of the
case and with the natural parent to explain the legal ramifica-
tions of the guardianship petition to that parent.

The Department relies on this Court's decision in *In re:
Adoption/Guardianship No. TPR970011,* 122 Md.App. 462,
712 A.2d 597 (1998) (hereinafter *"TPR970011 "*), to argue that,
by sending copies of the guardianship petition and show cause
order to Mr. Fields's "firm," it complied with FL section 5–
322(a)(1)(ii)(2), and Rule 9–105(f). In that case, the Prince
George's County Department of Social Services filed a petition
for guardianship of a five-year-old boy. It served a copy of
the petition and a show cause order on the boy's parents, and
sent a letter to the head of the CINA division of the district
Office of Public Defender stating that a petition had been filed
in the case and enclosing copies.

■ The boy's father objected to the petition after the
statutory 30–day deadline for filing an objection had expired.

---

**2.** The legislative history of FL section 5–322(a)(1)(ii)(2) supports that
interpretation. That subsection was added to FL section 5–322 by
enactment of HB 590, in chapter 282, Acts of 1987. The Committee
Report accompanying the bill noted that in the cases in which due
process concerns had been raised based on inadequate notice, "the
biological parents have appointed or personal counsel at the juvenile
level and it appears only logical and fair to have counsel notified along
with the natural parents of the termination." SUMMARY OF COMM. REP. on
H.B. 590, at 1–2 (1987).

The petitioner filed a motion to strike the objection. At a hearing on that motion, the "panel attorney" [3] from the district public defender's office who had represented the father in the prior CINA proceeding testified that he (the attorney) had not been given notice of the filing of the petition, as required by FL section 5–322(a)(1)(ii). The circuit court granted the motion to strike. The father noted an appeal to this Court.

We reversed the circuit court's ruling, holding that the panel attorney was not put on notice by the letter; and the failure to serve notice on that attorney tolled the 30–day period for filing objections to the petition. We rejected the argument that the letter to the head of the CINA division of the district public defender's office satisfied the statutory notice requirements. In so holding, we commented:

> The notice letter sent ... to the district public defender's office ..., although insufficient in form to satisfy Rule 9–105(f), at least put that office on notice of the proceeding against its client, the child's mother. It did not put [the panel attorney] on notice; he was not in or associated with, that office.

*Id.* at 474, 712 A.2d 597.

The Department maintains that the above-quoted language in *TPR970011* supports the proposition that notice given to the district public defender's office is imputed to each staff attorney in that office, and therefore satisfies the notice provisions of FL section 5–322(a)(1)(ii)(2) and Rule 9–105(f). We disagree. This Court in *TPR970011* did not address the question of whether service of a petition on one attorney in the district public defender's office constitutes notice to all other attorneys in that office. Resolution of the question was not necessary to our disposition of the appeal. Rather, we resolved the appeal on a more narrow ground, that a letter to the district public defender's office does not constitute notice to an outside panel

---

**3.** A "panel attorney" is an attorney in private practice to whom the public defender's office may refer a case in the event of a conflict between two parties entitled to representation by the public defender's office.

attorney to whom the public defender's office referred the case. The Department focuses on a comment that was *dicta*.

In this case, the Department did not send Mr. Fields, the appellant's attorney in Genara's CINA case, a copy of the guardianship petition and show cause order, as required by the governing statute and rule. Because notice to Mr. Fields was not given in accordance with the statute and rule, the 30–day time period for the appellant to file a notice of objection was tolled, as a matter of law. *TPR970011, supra,* 122 Md.App. at 480, 712 A.2d 597. Accordingly, one of the necessary factual predicates for the court's finding, on April 17, 2003, that the appellant had consented to the termination of her parental rights, by operation of law—her failure to file a timely notice of objection—did not exist. For that reason, we shall reverse the court's judgment and remand the case for further proceedings consistent with this opinion.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS.**

**COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**